UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FOREST TILLMAN,

    Plaintiff,                                                Civil Action No. 15-cv-10091

vs.                                                        HON. BERNARD A. FRIEDMAN

MEIJER, MARK DEGOEDE, AARON
HAM, ALAN KOENIG, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 2]. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding in forma pauperis, if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, plaintiff alleges that defendants subjected him to false arrest and malicious prosecution in violation of his constitutional rights.[1] For these alleged violations, plaintiff seeks to recover monetary damages.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

---

[1] Given the nature of the allegations in plaintiff's pro se complaint, the Court construes these allegations as arising under 42 U.S.C. § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original). Plaintiff has failed to allege whether the underlying conviction, which gave rise to his allegations of false arrest and malicious prosecution, was ever "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* As such, plaintiff has failed to plead a cognizable § 1983 claim. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

\_s/ Bernard A. Friedman_____
Dated: January 21, 2015          BERNARD A. FRIEDMAN
         Detroit, Michigan          SENIOR UNITED STATES DISTRICT JUDGE