UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FOREST TILLMAN,

    Plaintiff,                                    Civil Action No. 15-cv-10091

vs.                                              HON. BERNARD A. FRIEDMAN

MEIJER, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S "PRO SE MOTION CORRECTING DEFICIENCY AND MOTION TO REINSTATE COMPLAINT"

This matter is presently before the Court on plaintiff's "Pro Se Motion Correcting Deficiency and Motion to Reinstate Complaint" [docket entry 5].  Although plaintiff does not properly title his motion, the Court construes it to be seeking a motion for reconsideration under Local Rule 7.1(h)(3), which states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

A motion for reconsideration must be filed within 14 days after entry of the judgment or order.  In the present case, the order from which plaintiff seeks reconsideration was filed on January 21, 2015, so the deadline for filing a motion for reconsideration was February 4, 2015.  Plaintiff's motion is untimely, as it was filed on February 6, 2015.

Even if plaintiff's motion had been timely filed, the motion itself does not identify a palpable defect by which the Court has been misled.  Plaintiff fails to show that the Court erred

in finding that the complaint, as filed, failed to state a plausible claim for relief under 42 U.S.C. § 1983.

Plaintiff has provided information in his motion that, when added to his complaint, potentially states a plausible § 1983 claim. To that extent, plaintiff is seeking to use his motion for reconsideration as a vehicle for amending his complaint. However, this Court does not have authority to allow such an amendment. If a complaint falls within the requirements of 28 U.S.C. § 1915(e)(2) **when it is filed, a district court must *sua sponte* dismiss the complaint.** *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997)**. Furthermore, under the Prison Litigation Reform Act, a district court has no discretion to permit plaintiff to amend a complaint to avoid a *sua sponte* dismissal. *Id.*;** *see also Cantley v. Armstrong*, 391 F. App'x 505, 507 (6th Cir.2010). Accordingly,

**IT IS ORDERED** that plaintiff's "Pro Se Motion Correcting Deficiency and Motion to Reinstate Complaint" is denied.

s/Bernard A. Friedman
**Dated: February 20, 2015**     **BERNARD A. FRIEDMAN**
    **Detroit, Michigan**     **SENIOR UNITED STATES DISTRICT JUDGE**